# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDRA M. SNYDER et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-01114-AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM<br><br>(Doc. 1) |

I.    Screening Order

    A.    Screening Requirement

Plaintiff Bernard Andrew White ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

      B.      Summary of Plaintiff's Complaint and Judicial Immunity

Plaintiff alleges that defendants Magistrate Judge Snyder and Magistrate Judge[1] O'Neill have "violated the only criteria that the Governor can be sued...". Plaintiff also complains of being charged a filing fee of $350.00, and references Case No. cv-00370.[2] Plaintiff seeks injunctive relief and money damages.

Federal judges are absolutely immune from civil liability for damages and declaratory, injunctive, and other equitable relief for their judicial acts. Mullis v. U.S. Bankruptcy Court, Dist.

---

[1] Judge O'Neill was formerly a U.S. Magistrate Judge and is now a U.S. District Court Judge.

[2] The court takes judicial notice that Case No. 1:08-cv-00370 LJO SMS is an action filed by plaintiff Andrew Bernard White and assigned to Judge Snyder and Judge O'Neill. In that case, the court found plaintiff ineligible to proceed in forma pauperis, and plaintiff was ordered to pay a $350.00 filing fee.

1  of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988). "'A judge will
2  not be deprived of immunity because the action he took was in error, was done maliciously, or was
3  in excess of his authority; rather, he will be subject to liability only when he has acted in the clear
4  absence of all jurisdiction.'" Mullis, 828 F.2d at 1388 (quoting Stumpman v. Sparkman, 435 U.S.
5  349, 356-357 (1978)). A clear absence of all jurisdiction means a clear lack of all subject matter
6  jurisdiction. Id. at 1389.

7  In addition, judicial immunity will be lost if the judge performs an act that is not "judicial"
8  in nature. The factors relevant in determining whether an act is judicial "relate to the nature of the
9  act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the
10 parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435
11 U.S. at 362.

12 Judicial immunity is not lost by allegations that a judge conspired with a third party. "As
13 long as the judge's ultimate acts are judicial actions taken within the court's subject matter
14 jurisdiction, immunity applies." Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986).

15 The this instance, the allegations in the complaint establish that the judges are entitled to
16 absolute judicial immunity. Plaintiff is apparently complaining of actions or rulings made by the
17 judges in Case No. 1:08-cv-370 LJO SMS. The actions or rulings made by the judges in connection
18 with plaintiff's cases to which the judges were assigned were within their jurisdiction.

19 The court hereby dismisses this action without further proceedings. Plaintiff cannot possibly
20 win relief against the judges because of absolute judicial immunity. See Wong v. Bell, 642 F.2d 359,
21 361-362 (9th Cir. 1981).

22 II.   Conclusion

23 The court finds that plaintiff's allegations do not give rise to any claims for relief against
24 defendants Snyder and O'Neill. The court recommends that plaintiff not be given the opportunity
25 to amend his complaint because he cannot possibly win relief against the judges due to judicial
26 immunity. Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for
27 plaintiff's failure to state a claim for relief.

28 These Findings and Recommendations will be submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fifteen (15)
2  days after being served with these Findings and Recommendations, plaintiff may file written
3  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
6  1153 (9th Cir. 1991).

7      IT IS SO ORDERED.

8      **Dated:**    <u>**August 11, 2008**</u>          <u>    /s/ **Dennis L. Beck**    </u>
                                                                                UNITED STATES MAGISTRATE JUDGE